UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------- x
                                                        :
MICHAEL BRADLEY                                         :      3:06 CV 1408 (JBA)
                                                        :
V.                                                      :
                                                        :
JOAN KELLY                                              :      NOV. 13, 2006
------------------------------------------------------- x

RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS

On September 7, 2006, plaintiff Michael Bradley, a Rhode Island attorney, commenced this action pro se, in which plaintiff alleges the following five counts in his complaint: breach of contract, defamation, intentional infliction of emotional distress, abuse of process, and wilful, reckless and wanton conduct, arising out of defendant's sale to plaintiff of her interest in Rhode Island waterfront property jointly owned by defendant and defendant's two sisters, Anne Rodriguez and Paula Moran.  (Dkt. #1). Shortly after the closing took place on plaintiff's one-third interest, plaintiff sued Moran and Rodriguez in a partition action in Rhode Island Superior Court when Rodriguez and Moran allegedly refused to provide an accounting of the fund that held the rental monies.  (Id. ¶¶ 5-6). In April 2006, a partition sale was ordered and ten days prior to the closure of the sale period, with plaintiff as the only bidder on the property, defendant sued plaintiff in a Rhode Island civil action alleging undue influence with respect to the property transaction; the partition sale was suspended pending the outcome of that lawsuit and the two Rhode Island actions were consolidated into a single action ["the Rhode Island Action"].[1]  (Id. ¶ 6).

---

[1] Michael Bradley v. Paula Moran & Ann Rodriguez, Civ. Action No. WC06-0036, & Joan Moran Kelly v. Charles Michael Bradley, Civ. Action WC06-0366.

1

On the same day that plaintiff filed his Complaint, he filed the pending Application for Prejudgment Remedy and Motion for Disclosure of Assets (Dkts. ##3-5). On October 5, 2006, United States District Judge Janet Bond Arterton referred these motions to this Magistrate Judge. (Dkt. #10). Five days later, defendant filed a Motion to Continue the Prejudgment Remedy Hearing. (Dkt. #12). During a telephone conference before this Magistrate Judge held on October 13, 2006, an abbreviated briefing schedule was set for defendant's anticipated Motion to Dismiss and an evidentiary hearing on plaintiff's Application for Prejudgment Remedy was scheduled before this Magistrate Judge for November 29, 2006. (Dkt. #13; see also Dkt. ##11, 14, 18).

In accordance with that Scheduling Order, on October 21, 2006, defendant filed the pending Motion to Dismiss and brief and affidavit in support. (Dkts. ##15-17).[2] Nine days later, plaintiff filed his brief in opposition. (Dkt. #20).[3] On November 6, 2006, defendant filed her reply brief. (Dkt. #22). On October 31, 2006, Judge Arterton referred this motion to this Magistrate Judge. (Dkt.#21).

For the reasons stated below, defendant's Motion to Dismiss (Dkt. #15) is granted.

## I. STANDARD OF REVIEW

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the

---

[2] Attached to defense counsel's Declaration (Dkt. #16) is a copy of the Contract for the Purchase and Sale of Real Estate, signed November 9, 2005 (Exh. 1).

Attached to the brief in support (Dkt. #17) is a copy of the Order entered on September 19, 2006 in the Rhode Island Action (Exh. 1).

[3] Attached to plaintiff's brief is a copy of a court decision.

light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Thomas v. City of New York, 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  See Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998)(citation omitted).  The issue on a motion to dismiss is not whether the plaintiff will prevail ultimately, but whether the plaintiff is entitled to offer evidence to support his or her claims.  Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996)(citation omitted).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993)(multiple citations omitted). However, "[t]he Second Circuit case law on incorporation of exhibits under F$_{ED}$. R. C$_{IV}$. P. 10(c) holds that where a document is central to a plaintiff's claims, but is not attached to the complaint, the court may consider the document when deciding a motion to dismiss under Rule 12(b)(6)."  Lotto v. Hamden Bd. of Educ., 400 F. Supp. 2d 451, 454 (D. Conn. 2005).

## II. DISCUSSION

Plaintiff seeks dismissal of this action on the following grounds: plaintiff has engaged in impermissible "claim splitting" by bringing this claim in Connecticut for either "forum shopping or [for] Connecticut's pro plaintiff prejudgment remedy statute," when these claims "should have been asserted in the Rhode [Island] Action as counterclaims" (Dkt. #17, at 3-6);  the breach of contract claim should be dismissed because the contract does not contain any prohibition to commencing an action as plaintiff contends (id. at 6); the defamation claim should be dismissed because he fails to plead the alleged

defamatory statements, when they were made, and to whom they might have been made (id. at 6-8); plaintiff fails to plead the necessary conduct sufficient to allege a claim for intentional infliction of emotional distress or abuse of process (id. at 8-11); plaintiff's claim for abuse of process "is devoid of any facts which would rise to the level of abuse of process" (id. at 11-12); and plaintiff's claim for wilful, reckless and wanton conduct should be dismissed as plaintiff has not alleged conduct that is wilful, reckless and wanton under Connecticut law (id. at 13-14).

Plaintiff responds that this action is not "claim splitting" as he "did not bring any action against defendant anywhere else but in Connecticut and has brought in that one action all theories against the defendant that he thought applied;" but rather, according to plaintiff, the prior pending action doctrine supports plaintiff's decision to initiate this action in Connecticut. (Dkt. #20, at 2-6). Regarding the individual claims, plaintiff responds that his breach of contract claim rests on defendant's agreement in the contract to convey the property and plaintiff's agreement to purchase it and the breach occurred when defendant said that "she [did not] legitimately sell it and wants it back"; his claim for intentional infliction of emotional distress "comports with the liberal pleading requirements of FED. R. CIV. P. 8(e)(1)"; his claim for abuse of process is adequately pled; and, through incorporation of paragraphs in Counts 1-2 and 4, plaintiff has pled conduct that is willful, wanton and reckless. (Dkt. #20, at 8-12).[4]

In her reply brief, defendant reasserts that "claim splitting" is not permissible and plaintiff's claims asserted in this case are compulsory counterclaims in the Rhode Island Action. (Dkt. #22, at 2-3). In addition, defendant contends that this Court should

---

[4]Plaintiff "concede[s] . . . defendant's argument [with respect to his defamation claim,] and requests leave to re-plead." (Dkt. #20, at 9).

abstain from hearing this case and even if this Court applies the six factor test outlined in the case law upon which plaintiff relies, abstention is warranted.  (Id. at 3-6.  See also id. at 6-11 (regarding substantive claims)).

### A. CLAIM SPLITTING/PRIOR PENDING ACTION

As stated above, defendant contends that plaintiff has engaged in impermissible "claim splitting" by bringing this claim in Connecticut for either "forum shopping or [for] Connecticut's pro plaintiff prejudgment remedy statute," when these claims "should have been asserted in the Rhode [Island] Action as counterclaims."  (Dkt. #17, at 3; see Dkt. #22, at 2-3).  In response, plaintiff asserts that he "did not bring any action against the defendant anywhere else but in Connecticut and has brought in that one action all theories against the defendant that he thought applied," and the prior pending action doctrine supports his decision to initiate this action in Connecticut.  (Dkt. #20, at 2-6).

While defendant categorizes plaintiff's claims as barred under the doctrine of "claim splitting," such doctrine prevents a party from "avoid[ing] the effects of res judicata by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits," and in this case, plaintiff is the named defendant, not plaintiff, in one portion of the consolidated Rhode Island Action involving the parties to this litigation.  American Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 91 (S.D.N.Y. 2002)(citations omitted); see Salib v. I.C. Sys., Inc., 2002 WL 31060368, at *2 (D. Conn. July 24, 2002)(citations omitted).  However, although plaintiff has not initiated the state lawsuit against this defendant and then brought this lawsuit as an identical action in a federal forum, plaintiff's decision to commence this parallel lawsuit in Connecticut ignores the equally applicable legal premise requiring a party to bring in

one action all legal theories arising out of the same transaction or series of transactions. See Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001)(citation omitted). "To ascertain whether two actions spring from the same transaction or claim, we look to whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. (internal quotations & citation omitted).[5] The question here, therefore, is whether these claims are sufficiently related to the claims that were asserted in the Rhode Island Action so that these claims "should have been asserted in that proceeding." Id. (citations omitted)(emphasis in original).

In this case, as stated above, plaintiff and defendant entered into an agreement whereby plaintiff would purchase defendant's one-third interest in Rhode Island property

---

[5]Further, although the Rhode Island Action has not reached a judgment and thus the application of res judicata and claim preclusion is not ripe, the Second Circuit's guidance regarding the preclusion of a second litigation in lawsuits that involve "parallel but distinct transactions" is instructive:

> With respect to the determination of whether a second suit is barred by res judicata, the fact that both suits involved essentially the same course of wrongful conduct is not decisive; nor is it dispositive that the two proceedings involved the same parties, similar or overlapping facts, and similar legal issues. A first judgment will generally have preclusive effect only where the transaction or connected series of transactions at issue in both suits is the same, that is where the same evidence is needed to support both claims, and where the facts essential to the second were present in the first. If the second litigation involved different transactions, and especially subsequent transactions, there generally is no claim preclusion. For example, when a contract was to be performed over a period of time and one party has sued for a breach but has not repudiated the contract, res judicata will preclude the party's subsequent suit for any claim of breach that had occurred prior to the first breach-of -contract suit, but will not preclude a subsequent suit for a breach that had not occurred when the first suit was brought.

Interoceania Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir. 1997)(citation & internal quotation omitted).

for which plaintiff would pay defendant $125,000 when the sale "closed," and $195,000 on or before November 9, 2006.  (Dkt. #1, at 2 ¶ 1; see Dkt. #16, Exh. 1).  The remaining two-third shares of the property are owned by defendant's two sisters, Anna Rodriguez and Paula Moran.  (Id. at 2, ¶ 2).  The closing on the property occurred on November 9, 2005 and defendant's interest was conveyed to plaintiff.  (Id. at 2, ¶¶ 2 & 4).  According to plaintiff, there is a fund of accumulated rental income from the property that plaintiff "approximate[s]" to be in the amount of $300,000.  (Id. at 2, ¶ 3).  Plaintiff commenced a partition action in Rhode Island Superior Court against Rodriguez and Moran after they failed to provide an accounting of the rental income fund and that court ordered that a partition sale be held, for which plaintiff was the only bidder.  (Id. at 3, ¶¶ 5-6).  Defendant then sued plaintiff "alleging undue influence with respect to the property transaction" and the Rhode Island Superior Court "suspended the [partition] sale indefinitely pending the outcome of the lawsuit Joan Kelly v. Charles Michael Bradley." (Id. at 3, ¶ 6).  Plaintiff then commenced this action in this Court and, as stated above, the two Rhode Island actions were consolidated into one lawsuit, the Rhode Island Action.  The action pending in this Court, therefore, "spring[s] from the same transaction or claim," as the Rhode Island Action and "the underlying facts are related in time, space, origin, or motivation."  Pike, 266 F.3d at 91  (internal quotations & citation omitted).

There exists a "well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second."  First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989)(internal quotations & multiple citations omitted). While court's deference to the first filing

7

embodies considerations of judicial administration and conservation of resources, which considerations are embodied regardless of the fora of litigation, the first-to-file rule applies to proceedings involving the same parties and issues pending simultaneously in different federal courts. Radioactive, J.V. v. Manson, 153 F. Supp. 2d 462, 473 (S.D.N.Y. 2001); see Adams v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). In a case, such as this, where there are two lawsuits pending, one in state court and one in federal court, the U.S. Supreme Court has "delineated a standard by which federal courts can determine whether to defer to [a] parallel state [action]." Radioactive, J.V., 153 F. Supp. 2d at 473; see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). In Colorado River, the U.S. Supreme Court observed that the abdication of a district court's obligation to adjudicate controversies properly before it "can be justified under [the doctrine of abstention] only in exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." 424 U.S. at 813 (citation omitted). "Given this obligation, . . . the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983).

As first articulated in Colorado River, the following six factors are relevant to this decision: (1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights. FDIC v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999) (citation omitted). "[T]he

decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Mem'l Hosp., 460 U.S. at 16.  Moreover, as a result of the "obvious difficulties of anticipating the claim or issue-preclusion effects of a case that is still pending," a district court may exercise its discretion in deciding whether to "stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000)(citations omitted).  If the foregoing six factors point to such a conclusion, in the absence of a final adjudication on the merits in a parallel state litigation, "the Court can abstain from exercising its jurisdiction by dismissing the federal action in favor of the prior pending state proceedings." World Wrestling Entm't, Inc. v. Jakks Pac., Inc., 425 F. Supp. 2d 484, 511 (S.D.N.Y. 2006).

Turning to the case at hand, the first factor to be considered in determining whether abstention is appropriate, namely the assumption of jurisdiction over a res, weighs in favor of abstention as this case concerns waterfront property located in Rhode Island that was the subject of a purchase agreement entered into by the parties.[6]  The second factor, inconvenience of the federal forum, also weighs in favor of abstention as only defendant is a resident of Connecticut, while plaintiff is a resident of Rhode Island, the property is located in Rhode Island and the transactions that gave rise to this lawsuit

---

[6]Plaintiff contends that "the only property the defendant owns, on information or belief, is located in Connecticut."  (Dkt. #20, at 4).  Plaintiff's assignment of "jurisdiction over the res" is misplaced. The Rhode Island Superior Court has already exercised jurisdiction over the partition proceeding in ordering that a partition sale be held for the property at issue and has issued a Preliminary Injunction in defendant Kelly's favor in the Rhode Island Action with respect to the property at issue. (See Dkt. #17, Exh. 1).

9

occurred in Rhode Island.[7]  The weight assigned to this factor, however, is slight as "[o]ne consideration in determining this factor is the distance between the state and federal fora," and there is not a great distance from Rhode Island to Connecticut.  World Wrestling Entm't, Inc., 425 F. Supp. 2d at 512 (the fact that "the distance is not far from Connecticut to New York" weighs against abstention).

The "most important" factor in this six-step analysis is the "clear federal policy . . . [of] avoidance of piecemeal adjudication."  Colorado River, 424 U.S. at 819.  While in this case, plaintiff commenced this action but is the plaintiff and defendant, respectively, in each of the cases that were consolidated into the Rhode Island Action, and thus the pleadings in the federal and state actions are not "identical," see Radioactive, J.V., 153 F. Supp. 2d at 474, all of plaintiff's claims in this lawsuit are based on state law and can be asserted as counterclaims in the Rhode Island Action.[8]  Moreover, although plaintiff argues that his current action does not constitute piecemeal litigation because "[i]f [he]

---

[7] Without elaboration or identification, plaintiff generally asserts that "many of the more important witnesses that . . . plaintiff would expect to call" live in Connecticut.  (Dkt. #20, at 4).

[8] Defendant correctly contends that plaintiff's claims should have been asserted in a counterclaim in the Rhode Island lawsuit. A counterclaim is a claim that arises out of the "transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties for whom the court cannot acquire jurisdiction."  FED. R. CIV. P. 13(a).  "The test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims as so logically connected that considerations of judicial economy and fairness dictate that all issues be resolved in one lawsuit."  Adam, 950 F.2d at 92 (internal quotations & citation omitted).  The law of Rhode Island appears similar.  See Faerber v. Cavanagh, 568 A.2d 326, 328 (R.I. 1990).

In his Complaint, plaintiff alleges that the defendant in this case sued plaintiff in Rhode Island "with respect to the property transaction." (Dkt. #1, at 3 ¶ 6).  Plaintiff's claims for breach of contract arising out of defendant's commencement of suit against plaintiff, defamation, intentional infliction of emotional distress, abuse of process, and wilful, reckless and wanton conduct, all arise out of the same "transaction or occurrence," namely, defendant's commencement of litigation "with respect to the property transaction," and the same parties are involved in both actions.

were to counterclaim in the Rhode Island suit and prevail, he would then need to institute proceedings in Connecticut to enforce the judgment against this Connecticut defendant" (Dkt. #20, at 5), defendant correctly observes that plaintiff's contention makes two assumptions, namely, that he would succeed on his counterclaim and that defendant will continue to reside in Connecticut until the judgment is rendered.  (Dkt. #22, at 4-5). Additionally, the application of this factor here is factually distinguishable from how this factor was applied in the World Wrestling Entertainment, Inc. case upon which plaintiff relies.  In that case, that plaintiff did not bring its RICO federal cause of action in state court and because of the procedural posture of that case, all claims of the parties could not be resolved in one forum.  See World Wrestling Entm't, Inc., 425 F. Supp. 2d at 512. In this case, however, all of the claims against all of the parties can be resolved in one forum through the assertion of plaintiff's claims as counterclaims in the Rhode Island action; by emphasizing the location of defendant's property and his ability or inability to secure a judgment in the Rhode Island Action, plaintiff effectively concedes that this litigation was brought in Connecticut so that he can avail himself of Connecticut's prejudgment remedy statute.  (See Dkt. #20, at 4-6).  Thus, this factor weighs in favor of abstention.

It is undisputed that the Rhode Island Action was filed prior to this lawsuit and that the Rhode Island action is progressing, albeit slowly, as plaintiff offers that "[t]wo partial depositions have been taken . . . with opposing counsel thus far objecting to the taking of every non-party deponent noticed."[9]  (Dkt. #20, at 5).  Additionally, plaintiff

---

[9]While plaintiff is correct that the "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made on the two actions," Moses H. Cone Mem'l Hosp., 460 U.S. at 21, this federal action has not progressed as far as the state action, regardless of the laggard progression of the state action, as no discovery has

11

concedes that Rhode Island law applies to this case. (Id.). Thus, the fourth and fifth factors weigh in favor of abstention.

The last factor for consideration is the adequate protection of the federal plaintiff's rights. Plaintiff contends that "Connecticut is the locus of the defendant's property, the only property that could be used to secure a judgment." (Dkt. #20, at 6). By seeking diversity jurisdiction of this federal court, plaintiff can avail himself of Connecticut's prejudgment remedy statute which requires a minimal showing of probable cause to secure an attachment. While defendant may be correct in his assertion that "the state courts in . . . Bradley's home state can clearly protect his rights and . . . Kelly has already appeared in the Rhode Island action," (Dkt. #22, at 5), the burden is on defendant to demonstrate the exceptional circumstances that would justify abstention, which burden has not been met with respect to this factor. See Radioactive, J.V., 153 F. Supp. 2d at 476.

As the U.S. Supreme Court has cautioned, "[n]o one factor is necessarily determinative," and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Moses H. Cone Mem'l Hosp., 460 U.S. at 15-16. In this case, the first through the fifth factors weigh in favor of abstention, with only the sixth factor weighing against abstention. Accordingly, this Court finds that abstention is appropriate as this case falls within the narrow exception to the rule that requires this Court to exercise its jurisdiction over all cases properly before it.

---

occurred and prior to this ruling, this Court has not issued any substantive rulings. See World Wrestling Entm't, Inc., 425 F. Supp. 2d at 513.

B. INDIVIDUAL COUNTS

In light of the conclusion reached in Section II.A. supra, the Court need not address defendant's arguments addressed to each of plaintiff's individual counts.

III. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss (Dkt. #15) is **granted**.

Accordingly, plaintiff's Application for Prejudgment Remedy and Motion for Disclosure of Assets (Dkts. ##3-4) are **denied without prejudice as moot**, and defendant's Motion to Continue the Prejudgment Remedy Hearing (Dkt. #12), defendant's Motion to Dismiss (Dkt. #23) and defendant's Motion for Protective Order (Dkt.#25) are similarly **denied without prejudice as moot**. The telephone status conference scheduled for November 21, 2006 and the evidentiary hearing on plaintiff's Application for Prejudgment Remedy (see Dkts. ##13 & 18) are hereby cancelled.

The parties are free to seek the district judge's review of this recommended ruling. See 28 U.S.C. §636(b)**(written objection to ruling must be filed within ten days after service of same)**; FED. R. CIV. P. 6(a), 6(e), & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 13th day of November, 2006, at New Haven, Connecticut.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge