```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

Michael Bradley,                :
     Plaintiff,                 :
                                :
v.                              :      Case No. 3:06cv1408
                                :
Joan Kelly,                     :
     Defendant.                 :

**RULING APPROVING AND ADOPTING THE RECOMMENDED RULING ON
DEFENDANT'S MOTION TO DISMISS [DOC. # 29]
OVER PLAINTIFF'S OBJECTION [DOC. # 35]**

As detailed more thoroughly in Magistrate Judge Joan Glazer Margolis' Recommended Ruling [Doc. # 29], plaintiff Michael Bradley commenced this action against defendant Joan Kelly asserting breach of contract, defamation, intentional infliction of emotional distress, abuse of process, and willful, reckless and wanton conduct, arising out of defendant's sale to plaintiff of her interest in Rhode Island waterfront property jointly owned by defendant and defendant's two sisters, Anne Rodriguez and Paul Moran. Also arising out of this transaction, following its completion, plaintiff sued Moran and Rodriguez in a partition action in Rhode Island Superior Court when Moran and Rodriguez allegedly failed to provide an accounting of a rental proceeds fund related to the property. A partition sale was ordered in April 2006, with plaintiff as the only bidder, and defendant Kelly subsequently filed an action against plaintiff in Rhode Island Superior Court alleging undue influence with respect to

1

the transaction.  The partition sale was suspended pending disposition of that lawsuit, and the two Rhode Island actions were consolidated (referred to herein, collectively, as "the Rhode Island action").

Upon commencing his action in this Court, plaintiff also filed an Application for Prejudgment Remedy and Motion for Disclosure of Assets [Docs. ## 3-4], and defendant filed, <u>inter alia</u>, a Motion to Dismiss on the basis of the parallel state court actions [Doc. # 15].  Magistrate Judge Margolis, to whom these motions were referred, issued a Recommended Ruling [Doc. # 29] granting defendant's Motion to Dismiss, and denying all other motions as moot.  Plaintiff now objects to the Recommended Ruling contending that it misconstrued <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), and undervalued the importance of his right of access to federal court.  <u>See</u> Pl. Obj. [Doc. # 35].

As defendant's Motion to Dismiss was a potentially dispositive motion referred to the Magistrate Judge for a recommended ruling, this Court makes a <u>de novo</u> determination of those portions of the Recommended Ruling to which plaintiff objects.  <u>See</u> 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.  Applying this standard, for the reasons that follow, plaintiff's Objection to the Recommended Ruling will be overruled and the Recommended Ruling will be approved and adopted.

**I.   Colorado River Abstention**

The prior pending action doctrine is one of federal judicial efficiency and provides that "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc., 804 F.2d 16, 19 (2d Cir. 1986) (internal quotation marks omitted). A district court may opt either to stay or to dismiss the subsequently-filed case in deference to the earlier-filed case. Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). As the Recommended Ruling recognized, however, this doctrine is applicable where there are two related actions contemporaneously proceeding in two federal courts, for the reason that "[a]s between federal courts . . . the general principle is to avoid duplicative litigation." Colorado River Water Conservation District v. United States, 424 U.S. at 817. By contract, "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id. The Supreme Court has explained that "[t]his difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of

3

the federal courts to exercise the jurisdiction given them." Id.

Thus, given that the prior pending action in this instance is a Rhode Island state court action, the appropriate analysis is one of abstention, pursuant to Colorado River. "In Colorado River, finding that none of [the traditional rationales for abstention] applied, the Supreme Court crafted a new doctrine 'resting not on considerations of state-federal comity or on avoidance of constitutional decisions, as does abstention, but on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Larobina v. Comm'r of Transp., 03CV217 (EBB), 2005 WL 2789321, at *3 (D. Conn. Oct. 25, 2005) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 14-15 (1983)). "To determine whether abstention under Colorado River is appropriate, a district court is required to weigh six factors, with the balance heavily weighted in favor of the exercise of jurisdiction." Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999) (citing Moses H. Cone Mem'l Hosp., 460 U.S. at 16). There factors are:

> (1) the assumption of jurisdiction by either court over any res or property;
> (2) the inconvenience of the federal forum;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether state or federal law supplies the rule of decision; and
> (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

4

Id. "No single factor is necessarily decisive, . . . and the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Id. "[T]he test . . . is no mechanical checklist." Id. Additionally, a "necessary prerequisite to abstention under Colorado River" is "a finding that the concurrent proceedings are 'parallel'". Dittmer v. Cty. of Suffolk, 146 F.3d 113, 117-18 (2d Cir. 1998). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." Id. (quoting Day v. Union Mines Inc., 862 F.2d 652, 655 (7th Cir. 1988)).

**II. Discussion**

Plaintiff does not appear to object to the Magistrate Judge's conclusion that this federal action and the Rhode Island action are parallel actions, and that the Colorado River abstention factors thus apply, as this action involves the same parties and arises out of the same property sale transaction and subsequent events as does the Rhode Island action, but rather plaintiff contends that the Magistrate Judge misapplied these factors in her Recommended Ruling.

<u>Assumption Over Any Res or Property</u>

Plaintiff contends that the Magistrate Judge improperly failed to consider the location of the defendant's real and personal property when applying this factor, contending that this

5

factor "is not confined to jurisdiction over real estate in a case where a real estate is involved."  Pl. Obj. at 2.

This factor "looks to whether there is a particular piece of real or tangible property the rights to which are in dispute." <u>Wells Fargo Century, Inc. v. Hanakis,</u> No. 04cv1381 (SLT) (VVP), 2005 WL 1523788, at *10 (E.D.N.Y. June 28, 2005).  Plaintiff cites no authority, and the Court has found none, supporting the proposition that this factor extends to consideration of a defendant's property in this state which may be the subject of a prejudgment attachment and which, as the plaintiff characterized it, "could be used to make a verdict against the defendant [] a meaningful verdict."  Pl. Obj. at 2.  Rather, while the case here is one alleging breach of contract and other claims seeking monetary relief, the Rhode Island action concerns the Rhode Island property that was the subject of the transaction between the plaintiff and defendant, an order of partition by sale has already been ordered in that action, and plaintiff has been enjoined from doing anything with that property until conclusion of that action.  Accordingly, the Rhode Island court has exercised its jurisdiction over that property and, as the Magistrate Judge found, this factor weighs in favor of abstention.

<u>     Inconvenience of Federal Forum</u>

The Court agrees with plaintiff that this factor weighs

against abstention. While plaintiff is a resident of Rhode Island and the transaction and conduct at issue occurred in Rhode Island, defendant is a resident of Connecticut and plaintiff represents, and defendant does not contest, that many of the likely witnesses (including both of defendant's sisters) are also Connecticut residents. Thus, at best, the convenience of this Court is equal to that in Rhode Island and this equipoise factor favors retention. See Village of Westfield, 170 F.3d at 122 ("We have held that where the federal court is just as convenient as the state court, the factor favors retention of the case in federal court.").

### Avoidance of Piecemeal Litigation

Plaintiff does not object to the Magistrate Judge's conclusion on this factor, and this Court agrees that this "most important" factor in the analysis favors abstention.

### Order in Which Jurisdiction was Obtained

Again, plaintiff does not object to the Magistrate Judge's conclusion on this factor, and the Court agrees that this factor favors abstention as the Rhode Island action was both filed first and has progressed further than this action has. See Moses H. Cone Mem'l Hosp., 460 U.S. at 21 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made on the two actions.").

### Whether State or Federal Law Applies

As plaintiff concedes, Rhode Island law applies to both actions and this factor thus favors abstention.

### Protection of Party Invoking Federal Jurisdiction

Lastly, plaintiff contends that while the Magistrate Judge "weighed this factor in favor of the plaintiff, its importance was undervalued." Pl. Obj. at 4. The Court disagrees. This action concerns a Rhode Island plaintiff (who, incidentally, is a practicing lawyer in that state), asserting state law claims which will be determined under Rhode Island law and are related to a transaction that took place in Rhode Island concerning property therein. No suggestion has been made that plaintiff cannot assert his claims here as counterclaims in the Rhode Island action and, moreover, that action is likely to address his claims more promptly given the comparative progress it has made towards final disposition. Accordingly, this factor does not favor retention of this case in this federal court.

### Summary

Thus, over plaintiff's objection, the Court finds that the first, third, fourth, and fifth factors favor abstention. The second factor favors retention, while the sixth factor is <u>at best</u> neutral. Accordingly, the Court agrees with the Magistrate Judge that <u>Colorado River</u> dictates abstention in this case.

## III. Conclusion

For the foregoing reasons, plaintiff's Objection to the Recommended Ruling [Doc. # 35] is OVERRULED, and the Recommended Ruling [Doc. # 29] is APPROVED and ADOPTED. Accordingly, defendant's Motion to Dismiss [Doc. # 15] is GRANTED, defendant's pending Motion for Extension of Time [Doc. # 7] is DENIED as moot, and the remaining pending motions [Docs. ## 3, 4, 12, 23, and 25] are DENIED as moot without prejudice to renew in the Rhode Island action, as appropriate.

The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

　　　　　　　　　　　　　　/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 21st day of March, 2007.**